**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4454**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MALIK X. SHAKUR, a/k/a Malik X. Shakur, a/k/a Willie Lamb,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Cameron McGowan Currie, District Judge.  (3:08-cr-00485-CMC-2)

Submitted:  August 30, 2010        Decided:  September 9, 2010

Before KING, AGEE, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mark A. Yurachek, THE LAW OFFICES OF MARK ALLEN YURACHEK, LLC, Atlanta, Georgia, for Appellant.  W. Walter Wilkins, United States Attorney, Nancy C. Wicker, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Malik X. Shakur was convicted of one count of conspiracy to possess with intent to distribute crack cocaine, cocaine and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), (b)(1)(D); 846 (2006) and one count of possession with intent to distribute crack cocaine, cocaine and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), (b)(1)(D); 2 (2006). On appeal, Shakur claims the district court erred denying his motion to suppress evidence and denying his motion to excuse a juror. He also claims the court erred by finding he was subjected to an enhanced statutory sentence based on the Government's notice filed under 21 U.S.C. § 851 (2006). Finding no error, we affirm.

In reviewing the district court's ruling on a motion to suppress, this court reviews the district court's factual findings for clear error, and its legal determinations de novo. United States v. Cain, 524 F.3d 477, 481 (4th Cir. 2008). The facts are reviewed in the light most favorable to the prevailing party below. United States v. Jamison, 509 F.3d 623, 628 (4th Cir. 2007). A vehicle stop constitutes a seizure within the meaning of the Fourth Amendment and is permissible if the officer has probable cause to believe a traffic violation has occurred, Whren v. United States, 517 U.S. 806, 809-10 (1996),

2

or has a reasonable suspicion of unlawful conduct, Terry v. Ohio, 392 U.S. 1, 20-22 (1968).

Under Terry, an officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot. Illinois v. Wardlow, 528 U.S. 119, 123 (2000). To conduct a Terry stop, there must be at least a minimal level of objective justification for making the stop. Id. Reasonable suspicion requires more than a hunch but less than probable cause and may be based on the collective knowledge of officers involved in an investigation. Id.; see also United States v. Hensley, 469 U.S. 221, 232 (1985). In evaluating police conduct in a Terry stop, courts must consider the totality of the circumstances, see United States v. Sokolow, 490 U.S. 1, 8 (1989), including all information available to an officer and any reasonable inferences to be drawn at the time of the decision to stop a suspect. United States v. Crittendon, 883 F.2d 326, 328 (4th Cir. 1989).

We conclude the district court properly found that the police had sufficient reasonable suspicion to stop the vehicle in which Shakur was a passenger. We do not agree with Shakur's assessment that the testimony provided by several members of law enforcement was collectedly unreliable. The tip provided by the informant was sufficiently corroborated by law enforcement. See

3

United States v. White, 549 F.3d 946, 952 (4th Cir. 2008). We also conclude there was nothing inconsistent with the testimony from two police officers who both claimed to see the marijuana in plain view, one through the van's open side window and the other after opening the rear doors to the van out of concern for his safety. See United States v. Stanfield, 109 F.3d 976, 981-98 (4th Cir. 1997). Clearly, the marijuana was properly seized after being observed in plain view. See United States v. Williams, 592 F.3d 511, 521 (4th Cir. 2010) (stating plain view doctrine); Boone v. Spurgess, 385 F.3d 923, 927-28 (6th Cir. 2004) (applying plain view doctrine to warrantless seizure of evidence seen through a parked car's window). We also conclude that Shakur's brief detention and the search of his pockets did not violate his Fourth Amendment rights. See United States v. Leshuk, 65 F.3d 1105, 1109 (4th Cir. 1995). In any event, after the marijuana was found by the other police officers, the cocaine on Shakur's person would have been inevitably discovered as a search incident to an arrest. United States v. Allen, 159 F.3d 832, 838, 841 (4th Cir. 1998). In addition, we conclude the search of the van was appropriate after Shakur was arrested. See Arizona v. Gant, 129 S. Ct. 1710, 1719 (2009) (noting that a search of a vehicle incident to a lawful arrest is appropriate when it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle.). Accordingly, we

4

conclude the district court did not err denying Shakur's motion to suppress evidence.

We conclude the district court did not abuse its discretion denying Shakur's motion to excuse a juror for cause. See Poynter v. Ratcliff, 874 F.2d 219, 222 (4th Cir. 1989). After questioning by the court, there was no indication of actual bias or of an extreme situation warranting removal. See United States v. Turner, 389 F.3d 111, 117 (4th Cir. 2004).

We also conclude there was no error in the statutorily enhanced sentence under 21 U.S.C. § 841(b)(1)(C). Clearly, each of the convictions listed by the Government in the 21 U.S.C. § 851 (2006) notice was a qualifying conviction.

Accordingly, we affirm the convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED